# EXHIBIT M

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CRED INC., *et al.*, | ) | Case No. 20-12836 (___) |
| | ) | |
| Debtors.[1] | ) | (Joint Administration Requested) |
| | ) | |

**MOTION OF DEBTORS FOR ENTRY OF INTERIM AND FINAL ORDERS**
**(I) AUTHORIZING DEBTORS TO (A) MAINTAIN INSURANCE POLICIES, (B) PAY**
**ALL RELATED OBLIGATIONS, AND (II) GRANTING RELATED RELIEF**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Cred Inc. ("Cred") and its affiliated debtors and debtors in possession (the "Debtors")

respectfully represent as follows in support of this motion:

**Relief Requested**

1.      By this motion, the Debtors request entry of interim and final orders, substantially

in the forms attached as **Exhibit A** (the "Interim Order") and **Exhibit B** (the "Final Order"),

respectively, authorizing, but not directing, the Debtors (a) to continue their Insurance Policies

(as defined below) on an uninterrupted basis in accordance with the same practices and

procedures in effect prior to the Petition Date, and renew its Insurance Policies or obtain

replacement coverage, as needed in the ordinary course of business, without further approval of

the Court; and (b) satisfy, in its sole discretion, all payment obligations related to the Insurance

Policies whether they arose before or after the Petition Date (as defined below).  In support of

this motion, the Debtors rely upon, and incorporate by reference, the *Declaration of Daniel*

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566).  The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

*Schatt in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration").[2]

## Jurisdiction, Venue, and Statutory Bases

2.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  In accordance with Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors confirm their consent to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested in this motion are sections 105(a) and 363(b) of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004, and Local Rule 9013-1(m).

## Background

**1.      Chapter 11 Cases**

5.      On November 7, 2020 (the "Petition Date"), the Debtors each commenced a voluntary case under chapter 11 of the Bankruptcy Code in this Court.  The Debtors are authorized to continue operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

---

[2]     Capitalized terms used but not otherwise defined in this motion shall have the meanings set forth in the First Day Declaration.

6. The Debtors have filed a motion requesting joint administration of their chapter 11 cases under Bankruptcy Rule 1015(b).

7. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the First Day Declaration.

## 2. The Debtors' Insurance Policies

8. The Debtors operate a financial services platform catering to cryptocurrency holders around the world. In the ordinary course of business, the Debtors maintain insurance policies (each an "Insurance Policy" and collectively, the "Insurance Policies") that provide coverage for, among other things, the following types of liabilities: directors and officers; errors and omissions; cyber; and property damage, general commercial, commercial automobile, and umbrella liability. A schedule of Insurance Policies is attached hereto as **Exhibit C**.[3] The Debtors obtain the Insurance Policies through various third-party insurance carriers. The aggregate annual premium for the Insurance Policies is approximately $385,000. In addition to the premiums, many of the Debtors' Insurance Policies require self-insured retentions and deductibles in connection with certain claims under the Policies.

9. Continuation of the Insurance Policies, and entry into new insurance policies is essential to the preservation of the value of the Debtors' business and assets. Moreover, in many instances, insurance coverage is required by the regulations, laws, and contracts that govern the Debtors' commercial activities, including the requirements of the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), that a debtor maintain adequate

---

[3] In addition to the Insurance Policies listed on Exhibit C, Cred maintains numerous employee benefit policies. These policies are described, and relief is requested with respect to such programs, in the *Motion of Debtors for Entry of Order (I) Authorizing Debtors to (A) Pay Employee Obligations and (B) Continue Employee Benefit Programs, and (II) Granting Related Relief.*

coverage given the circumstances of its chapter 11 case. Accordingly, the Debtors request authorization, but not direction, to continue prepetition practices related to the Insurance Policies, satisfy any payment obligations related to the Insurance Policies, and enter into new Insurance Policies in the ordinary course of business.

**3.      The Debtors' Insurance Broker**

10.      The Debtors obtain the Insurance Policies through their insurance broker, Lockton Companies, Inc. ("Lockton").  Lockton assists the Debtors in obtaining comprehensive insurance coverage for their operations in the most cost-effective manner, negotiating policy terms, provisions, and premiums, assisting Cred with claims, and providing ongoing support throughout applicable policy periods.  The Debtors do not pay Lockton any fees for the professional services rendered, as the Debtors' insurers pay Lockton on commission.

11.      Continuation of the Lockton's services are necessary to assure the Debtors' ability to secure Insurance Policies on competitive terms at competitive rates, facilitate the proper administration of the Insurance Policies, and ensure adequate protection of the Debtors' property. Accordingly, the Debtors request authority to continue utilizing Lockton's services in a manner consistent with its prepetition practices in the ordinary course of business.

**Basis for Relief**

**I.      Continuation of the Insurance Policies Is Required by the Bankruptcy Code and U.S. Trustee Operating Guidelines**

12.      Section 1112(b)(4)(C) of the Bankruptcy Code lists "failure to maintain appropriate insurance that poses a risk to the estate or to the public" as "cause" for mandatory conversion or dismissal of a chapter 11 case.  In addition, in many instances, the coverage provided under the Insurance Policies is required by the regulations, laws, and contracts that govern the Debtors' commercial activities, including the operating guidelines issued by the U.S.

Trustee (the "U.S. Trustee Guidelines"). Given this backdrop, the Debtors believe it is essential to their estates, and consistent with the Bankruptcy Code and the U.S. Trustee Guidelines, that they continue to satisfy all obligations related to the Insurance Policies, and have the authority to supplement, amend, extend, renew, or replace their Insurance Policies as needed, in their judgment, without further order of the Court.

## II. Satisfying Obligations Under the Insurance Policies and Related Financing Agreements in the Ordinary Course of Business Is Warranted

13. Section 363(b) of the Bankruptcy Code permits the Court to grant the relief requested in this motion. It provides in relevant part, that "[t]he [debtor], after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."[4]

14. Under section 363, a court may authorize a debtor to pay certain prepetition claims if a sound business purpose exists for doing so.[5] The business judgment rule is satisfied where "the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company."[6] Moreover, if "the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct."[7]

---

[4]   11 U.S.C. § 363(b)(1).

[5]   *See In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1999).

[6]   [*See, e.g.*, *Official Comm. of Subordinated Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.)*, 147 B.R. 650, 656 (S.D.N.Y. 1992)] (quoting *Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985).

[7]   *Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986) (citation omitted); *see also In re Tower Air, Inc.,* 416 F.3d 229, 238 (3d Cir. 2005) ("Overcoming the presumptions of the business judgment rule is a near-Herculean task.").

15.     In addition, the Court has the authority to authorize the relief requested in this

motion pursuant to its equitable powers under section 105(a) because such relief is necessary

for the Debtors to carry out their fiduciary duties under section 1107(a).  Section 105 empowers

bankruptcy courts to "issue any order, process, or judgment that is necessary or appropriate to

carry out the provisions of this title."[8]  Section 1107(a) of the Bankruptcy Code "contains an

implied duty of the debtor-in-possession" to act as a fiduciary to "protect and preserve the

estate, including an operating business' going-concern value," on behalf of the debtor's

creditors and other parties in interest.[9]

16.     The Court may also authorize the payment of prepetition claims in appropriate

circumstances under section 105(a) and the doctrine of necessity when such payment is

essential to the continued operation of a debtor's business.[10]

17.     This "doctrine of necessity" functions in a chapter 11 reorganization as a

mechanism by which the Court can exercise its equitable power to allow payment of critical

prepetition claims not explicitly authorized by the Bankruptcy Code.[11]  The United States

---

[8]     11 U.S.C. § 105.

[9]     *In re CEI Roofing, Inc.*, 315 B.R. 50, 59 (Bankr. N.D. Tex. 2004) (quoting *In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002)).  *See also In re Cybergenics Corp.*, 226 F.3d 237, 243 (3d Cir. 2000) ("A paramount duty of a trustee or debtor in possession in a bankruptcy case is to act on behalf of the bankruptcy estate, that is, for the benefit of the creditors."); *Unofficial Comm. of Equity Holders v. McManigle (In re Penick Pharm., Inc.)*, 227 B.R. 229, 232-33 (Bankr. S.D.N.Y. 1998) ("[U]pon filing its petition, the Debtor became debtor in possession and, through its management . . . was burdened with the duties and responsibilities of a bankruptcy trustee.").

[10]    *See, e.g.*, *In re Just for Feet, Inc.*, 242 B.R. 821, 824–25 (D. Del. 1999) (holding that section 105(a) of the Bankruptcy Code provides a statutory basis for the payment of prepetition claims under the doctrine of necessity and noting that the bankruptcy court has "power to authorize payment of pre-petition claims when such payment is necessary for the debtor's survival during chapter 11"); *In re CoServ, L.L.C.*, 273 B.R. at 497 ("[I]t is only logical that the bankruptcy court be able to use § 105(a) of the Bankruptcy Code to authorize satisfaction of the prepetition claim in aid of preservation or enhancement of the estate.").

[11]    *See In re Lehigh & New Eng. Ry. Co.*, 657 F.2d 570, 581 (3d Cir. 1981) (holding that a court may authorize payment of prepetition claims if essential to the debtor's continued operation); *In re Boston & Me. Corp.*, 634 F.2d 1359, 1382 (1st Cir. 1980) (recognizing "existence of a judicial power to authorize trustees . . . to pay claims . . . [for] goods or services indispensably necessary" to debtors' continued operation).

Supreme Court has also recognized courts may authorize payment of prepetition obligations where necessary to preserve or enhance the value of a debtor's estate for the benefit of all creditors.[12]

18.     The relief requested in this motion is a sound exercise of the Debtors' business judgment, is necessary to avoid immediate and irreparable harm to Debtors, and is justified under sections 105(a) and 363(b).  Continuation of the Insurance Policies is essential to preserving uninterrupted operations and the value of the Debtors' estates.  Failing to maintain the Insurance Policies would impair — if not altogether halt — the Debtors' ability to operate, resulting in a material adverse effect on the Debtors' businesses and the value of their estates.

## **Reservation of Rights**

19.     Nothing contained in this motion is intended or shall be construed as: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an assumption, adoption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code; (e) an admission as to the validity, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (f) a waiver of any claims or causes of action which may exist against any entity; or (g) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law.

---

[12]     *See, e.g., Miltenberger v. Logansport, C&S W.R. Co.*, 106 U.S. 286, 312 (1882) (payment of pre-receivership claim prior to reorganization permitted to prevent "stoppage of the continuance of [crucial] business relations"); *Dudley v. Mealey*, 147 F.2d 268, 271 (2d Cir. 1945) (extending doctrine for payment of prepetition claims beyond railroad reorganization cases), *cert. denied* 325 U.S. 873 (1945); *Mich. Bureau of Workers' Disability Comp. v. Chateaugay Corp. (In re Chateaugay Corp.)*, 80 B.R. 279, 285-86 (S.D.N.Y. 1987) (approving lower court order authorizing payment of prepetition wages,  salaries, expenses, and benefits).

**Debtors Have Satisfied Bankruptcy Rule 6003(b)**

21.     Bankruptcy Rule 6003(b) provides that, to the extent relief is necessary to avoid immediate and irreparable harm, a bankruptcy court may issue an order granting "a motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition" before twenty-one (21) days after filing of the petition.  As described above and in the First Day Declaration, maintenance of the Insurance Policies is vital to the Debtors' operations and is necessary for the Debtors to operate their business in the ordinary course and maximize the value of their estates. Failure to maintain the Insurance Policies during the first twenty-one (21) days of these chapter 11 cases would severely disrupt the Debtors' operations at this critical juncture.  Accordingly, the Debtors submit that the relief requested in this motion is necessary to avoid immediate and irreparable harm, and, therefore, Bankruptcy Rule 6003(b) is satisfied.

**Bankruptcy Rule 6004(a) and (h)**

22.     To implement the foregoing successfully, the Debtors request that the Court find that notice of this motion is adequate pursuant to Bankruptcy Rule 6004(a) under the circumstances, and waive the fourteen (14) day stay of an order authorizing the use, sale, or lease of property pursuant to Bankruptcy Rule 6004(h).  As explained above and in the First Day Declaration, the relief requested in this motion is necessary to avoid immediate and irreparable harm to the Debtors.  Accordingly, ample cause exists to justify finding that the notice requirements pursuant to Bankruptcy Rule 6004(a) have been satisfied and to grant a waiver of the fourteen (14) day stay imposed by Bankruptcy Rule 6004(h), to the extent such notice requirements and such stay apply.

**Processing of Electronic Fund Transfers Should Be Authorized**

23.     The Debtors have sufficient funds to pay the amounts described in this motion in the ordinary course of business by virtue of its access to unencumbered cash on hand and expected cash flows from ongoing business operations.  Under the Debtors' existing cash management system, the Debtors have made arrangements to readily identify electronic payment requests relating to the payment of prepetition insurance-related obligations, as applicable.  Accordingly, the Debtors believe that checks or wire transfer requests that are not related to authorized payments will not be honored inadvertently.  Therefore, the Debtors respectfully request that the Court authorize all applicable financial institutions, when requested by the Debtors, to receive, process, honor, and pay any and all checks or electronic payment transfer requests in respect of the relief requested in this motion.

**Notice**

24.     Notice of this motion has been given to (i) the U.S. Trustee; (ii) the Internal Revenue Service; (iii) the United States Attorney for the District of Delaware; and (iv) the parties included on the Debtors' consolidated list of thirty (30) largest unsecured creditors.  As this motion is seeking first-day relief, notice of this motion and any order entered hereon will be served on all parties required by Local Rule 9013-1(m)(iii).  In light of the nature of the relief requested in this motion, the Debtors respectfully submit that no further notice of this motion is required.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Debtors respectfully request that the Court enter the Interim and Final Orders, substantially in the form attached hereto: (i) granting the relief requested in this motion and (ii) granting such other and further relief as the Court may deem proper.

Dated: November 8, 2020
      Wilmington, Delaware

*/s/ Scott D. Cousins*
_____
Scott D. Cousins (No. 3079)
**COUSINS LAW LLC**
Brandywine Plaza West
1521 Concord Pike, Suite 301
Wilmington, Delaware 19803
Telephone:    (302) 824-7081
Facsimile: :    (302) 295-0331
Email:       scott.cousins@cousins-law.com

- and -

James T. Grogan (admission *pro hac vice* pending)
Mack Wilson (admission *pro hac vice* pending)
**PAUL HASTINGS LLP**
600 Travis Street, Fifty-Eighth Floor
Houston, Texas 77002
Telephone:    (713) 860-7300
Facsimile:    (713) 353-3100
Email:       jamesgrogan@paulhastings.com
             mackwilson@paulhastings.com

- and -

G. Alexander Bongartz (admission *pro hac vice* pending)
Derek Cash (admission *pro hac vice* pending)
**PAUL HASTINGS LLP**
200 Park Avenue
New York, New York 10166
Telephone:    (212) 318-6000
Facsimile:    (212) 319-4090
Email:       alexbongartz@paulhastings.com
             derekcash@paulhastings.com

*Proposed Co-Counsel to the Debtors*

## **Exhibit A**

**Proposed Interim Order**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CRED INC., *et al.*, | ) | Case No. 20-12836 (___) |
|  | ) |  |
| Debtors.[1] | ) | (Jointly Administered) |
|  | ) |  |

## INTERIM ORDER (I) AUTHORIZING DEBTORS TO (A) MAINTAIN INSURANCE POLICIES, (B) PAY ALL RELATED OBLIGATIONS, AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the debtors and debtors in possession (the "Debtors") for entry of an order (this "Interim Order"), pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing, but not directing, the Debtors (a) to continue their Insurance Policies on an uninterrupted basis in accordance with the same practices and procedures in effect prior to the Petition Date, and renew its Insurance Policies or obtain replacement coverage, as needed in the ordinary course of business, without further approval of the Court; and (b) satisfy, in its sole discretion, all payment obligations related to the Insurance Policies whether they arose before or after the Petition Date, all as more fully set forth in the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566). The Debtors' mailing address is 3 East Third Avenue, Suite 200, San Mateo, California 94401.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in

interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a

hearing on the Motion were appropriate under the circumstances and no other notice need be

provided; and the Court having reviewed the Motion; and the Court having held a hearing to

consider the relief requested in the Motion on an interim basis (the "Hearing"); and upon the

First Day Declaration, filed contemporaneously with this Motion, and the record of the Hearing;

and the Court having determined that the legal and factual bases set forth in the Motion establish

just cause for the relief granted herein; and it appearing that the relief requested in the Motion is

necessary to avoid immediate and irreparable harm to the Debtors and their estates as

contemplated by Bankruptcy Rule 6003, and is in the best interests of the Debtors, their estates,

creditors, and all parties in interest; and upon all of the proceedings had before the Court and

after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERD THAT:**

1.     The Motion is granted on an interim basis to the extent forth herein.

2.     The Debtors are authorized, but not directed, to continue the Insurance Policies

and, in their sole discretion, pay and honor any prepetition amounts outstanding under, or

postpetition obligations related to the Insurance Policies in the ordinary course of business and to

pay any prepetition amounts due in connection therewith; *provided*, that the Debtors are

authorized, but not directed, to pay or honor only amounts or obligations that are or become due

and payable between the Petition Date and the date that a final order on the Motion is entered,

unless otherwise ordered  by the  Court.

3.      The Debtors are authorized, but not directed, to renew, amend, supplement, extend, or purchase insurance policies to the extent that the Debtors determine, in their sole discretion, that such action is in the best interest of their estates.

4.      Nothing contained in the Motion or this Interim Order, nor any action taken pursuant to the authority granted by this Interim Order, shall constitute or be construed as (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an assumption, adoption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code; (e) an admission as to the validity, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (f) a waiver of any claims or causes of action which may exist against any entity; or (g) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law.

5.      Nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

6.      The banks and financial institutions on which electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order without any duty of further inquiry.

7.       The Debtors are authorized to to effect postpetition fund transfer requests, in replacement of any fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the Insurance Policies.

8.       The requirements of Bankruptcy Rule 6003(b) have been satisfied.

9.       Under the circumstances of these chapter 11 cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

10.      Notwithstanding Bankruptcy Rule 6004(h), this Interim Order shall be immediately effective and enforceable upon its entry.

11.      The Final Hearing shall be held on _____, **2020**, at ____ (ET) and any objections or responses to the Motion shall be in writing, filed with the Court, and served in accordance with the Local Rules.

12.      This Interim Order is effective only from the date of entry through this Court's disposition of the Motion on a final basis; *provided* that the Court's ultimate disposition of the Motion on a final basis shall not impair or otherwise affect any action taken pursuant to this Interim Order.

13.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order.

14.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Interim Order.

**Exhibit B**

**Proposed Final Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CRED INC., *et al.*, | ) | Case No. 20-12836 (___) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

**FINAL ORDER (I) AUTHORIZING DEBTORS TO**
**(A) MAINTAIN INSURANCE POLICIES, (B) PAY ALL RELATED**
**OBLIGATIONS, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the debtors and debtors in possession (the "Debtors")
for entry of an order (this "Final Order"), pursuant to sections 105(a) and 363 of title 11 of the
United States Code (the "Bankruptcy Code"), authorizing, but not directing, the Debtors (a) to
continue their Insurance Policies on an uninterrupted basis in accordance with the same practices
and procedures in effect prior to the Petition Date, and renew its Insurance Policies or obtain
replacement coverage, as needed in the ordinary course of business, without further approval of
the Court; and (b) satisfy, in its sole discretion, all payment obligations related to the Insurance
Policies whether they arose before or after the Petition Date, all as more fully set forth in the
Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and
this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that
this Court may enter a final order consistent with Article III of the United States Constitution;
and this Court having found that venue of this proceeding and the Motion in this district is proper
pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number,
as applicable, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred
Merchant Solutions LLC (3150), and Cred (Puerto Rico) LLC (3566).  The Debtors' mailing address is 3 East
Third Avenue, Suite 200, San Mateo, California 94401.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and the Court having reviewed the Motion; and the Court having entered an order granted the relief requested in the Motion on an interim basis on November __, 2020 [D.I. _____]; and the Court having held a hearing to consider the relief requested in the Motion on a final basis, if necessary (the "Hearing"); and upon the First Day Declaration, filed contemporaneously with this Motion, and the record of the Hearing, if necessary; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERD THAT:**

1.      The Motion is granted on a final basis to the extent set forth herein.

2.      The Debtors are authorized, but not directed, to continue the Insurance Policies and, in their sole discretion, pay and honor any prepetition amounts outstanding under, or postpetition obligations related to the Insurance Policies in the ordinary course of business and to pay any prepetition amounts due in connection therewith.

3.      The Debtors are authorized, but not directed, to renew, amend, supplement, extend, or purchase insurance policies to the extent that the Debtors determine, in their sole discretion, that such action is in the best interest of their estates.

4.       Nothing contained in the Motion or this Final Order, nor any action taken pursuant to the authority granted by this Final Order, shall constitute or be construed as (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an assumption, adoption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code; (e) an admission as to the validity, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (f) a waiver of any claims or causes of action which may exist against any entity; or (g) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law.

5.       Nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

6.       The banks and financial institutions on which electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular electronic payment request as approved by this Final Order without any duty of further inquiry and without liability for following the Debtors' instructions.

7.       The Debtors are authorized to effect postpetition fund transfer requests, in replacement of any fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the Insurance Policies

8.       Under the circumstances of these chapter 11 cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

9.      Notwithstanding Bankruptcy Rule 6004(h), this Final Order shall be immediately effective and enforceable upon its entry.

10.      The Debtors are authorized to take all action necessary to effectuate the relief granted in this Final Order.

11.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Final Order.

**EXHIBIT C**

**Insurance Policies**

| Type of Policy Coverage | Insurance Carrier(s) | Policy Number | Policy Term | Annual Policy Premium |
|---|---|---|---|---|
| Commercial Liability Package (Property, General Liability, Auto, Umbrella) | Hartford | 57 SBA BL1118 DX | October 1, 2020 to October 1, 2021 | $4,286 |
| Cyber Liability | AXIS | P-001-000080303-03 | January 25, 2020 to January 25, 2021 | $29,314 |
| Errors & Omissions | Validus Specialty | FIP0000445 | January 25, 2020 to January 25, 2021 | $270,000 |
| Directors & Officers | Validus | FIP0000270 | January 25, 2020 to January 25, 2021 | $40,000 |
| Excess Directors & Officers | Euclid | EFI0701394 01 | January 25, 2020 to January 25, 2021 | $35,200 |
| Employed Lawyers | One Beacon | MML-12988-19 | October 9, 2020 to October 9, 2021 | $4,957 |