QUINN EMANUEL URQUHART & SULLIVAN LLP
Michael B. Carlinsky (admitted *pro hac vice*)
michaelcarlinsky@quinnemanuel.com
Renita N. Sharma (admitted *pro hac vice*)
renitasharma@quinnemanuel.com
51 Madison Ave., 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Terry L. Wit (SBN 233473)
terrywit@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Eric D. Winston (SBN 202407)
ericwinston@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Lockton Insurance Company LLC and Lockton Companies LLC – Pacific Series*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CEDRIC DE LISSER, CHRISTOPHER MOSER, and MICHAEL MICHELIN, in their capacity as the Trustees of the Cred Liquidation Trust, <br><br> Plaintiffs, <br><br> v. <br><br> LOCKTON INSURANCE COMPANY LLC, d/b/a LOCKTON INSURANCE BROKERS LLC, a Missouri limited liability company; LOCKTON COMPANIES, LLC – PACIFIC SERIES, d/b/a LOCKTON INSURANCE BROKERS LLC, a Missouri limited liability company; and DOES 1-10, inclusive. <br><br> Lockton. | Case No. 3:23-cv-00243-JD <br><br> **[Removal from Superior Court of California, County of San Francisco, Case No. CGC-22-603638]** <br><br> **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO REMAND** <br><br> **State Action Filed: December 22, 2022** <br><br> **Hearing Date: March 30, 2023** <br><br> **Hearing Time: 10:00 a.m. Pacific** |

Defendants Lockton Insurance Company LLC and Lockton Companies, LLC – Pacific Series (collectively, "Lockton") respectfully request that the Court take judicial notice pursuant to Federal Rule of Evidence 201 of the following documents, copies of which are attached to the Declaration of Terry L. Wit, filed contemporaneously herewith:

- **Exhibit A**: a true and accurate copy of the *Modified First Amended Combined Joint Plan of Liquidation and Disclosure Statement of Cred Inc. and Its Subsidiaries Under Chapter 11 of the Bankruptcy Code* filed in the United States Bankruptcy Court for the District of Delaware in Case No. 20-bk-12836 (the "Bankruptcy Action") on April 16, 2021 (Bankr. ECF 722).

- **Exhibit B**: a true and accurate copy of the *Order Confirming and Approving on a Final Basis Modified First Amended Combined Plan of Liquidation and Disclosure Statement of Cred Inc. and its Subsidiaries Under Chapter 11 of the Bankruptcy Code* filed in the Bankruptcy Action on March 11, 2021 (Bankr. ECF 629).

- **Exhibit C**: a true and accurate copy of the *Report of Robert J. Stark, Examiner* filed in the Bankruptcy Action on March 8, 2021 (Bankr. ECF 605).

- **Exhibit D**: a true and accurate copy of the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing Debtors to (A) Maintain Insurance Policies, (B) Pay All Related Obligations, and (II) Granting Related Relief* filed in the Bankruptcy Action on November 10, 2020 (Bankr. ECF 10).

- **Exhibit E**: a true and accurate copy of the *Interim Order (1) Authorizing Debtors to (A) Maintain Insurance Policies, (B) Pay all Related Obligations, and (II) Granting Related Relief* filed in the Bankruptcy Action on November 10, 2020 (Bankr. ECF 31).

- **Exhibit F**: a true and accurate copy of the *Final Order (1) Authorizing Debtors to (A) Maintain Insurance Policies, (B) Pay all Related Obligations, and (II) Granting Related Relief* filed in the Bankruptcy Action on December 18, 2020 (Bankr. ECF 248).

- **Exhibit G**: a true and accurate copy of the *Chapter 11 Voluntary Petition* filed in the Bankruptcy Action on November 7, 2020 (Bankr. ECF 1).

- **Exhibit H**: a true and accurate copy of the *Declaration of Grant Lyon in Support of Debtors' Objection to Motion of James Alexander to Dismiss Cred Capital, Inc.* filed in the Bankruptcy Action on January 28, 2021 (Bankr. ECF 433).

- **Exhibit I**: a true and accurate copy of the *Supplemental Declaration in Support of the Debtors' Application for an Order Approving Employment and Retention of Donlin, Recano & Company, Inc. as Administrative Advisor for Debtors* filed in the Bankruptcy Action on December 4, 2020 (Bankr. ECF 130).

- **Exhibit J**: a true and accurate copy of the *Motion of the Cred Inc. Liquidation Trust for Entry of Order Approving Third Party Claim Assignment Procedures* filed in the Bankruptcy Action on June 23, 2022 (Bankr. ECF 1015).

- **Exhibit K**: a true and accurate copy of the *Adversary Case 22-50474 Complaint by Cred Inc. Liquidation Trust against Earnity, Inc., Earnity Financial Inc, ET Trader Inc., Domenic Carosa* filed in the Bankruptcy Action on December 5, 2022 (Bankr. ECF 1063).

Judicial notice is appropriate "at any stage of the proceeding." Fed. R. Evid. 201(d); *see also Lamke v. Sunstate Equip. Co., LLC*, 319 F. Supp. 2d 1029, 1030 (N.D. Cal. 2004) (granting a defendant's request for judicial notice in support of its opposition to a motion for remand). The Court may "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court "must take judicial notice [of such facts] if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

*First*, courts regularly take judicial notice of "proceedings in other courts, . . . if those proceedings have a direct relation to matters at issue." *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 (9th Cir. 2002); *see also Successor Agency to Former Emeryville Redevelopment Agency v. Swagelock Co.*, 364 F. Supp. 3d 1061, 1083 (N.D. Cal. 2019) ("The ability to take judicial notice of court filings extends to documents filed in federal bankruptcy court actions as well."); *Elec. Frontier Found. v. Global Equity Mgmt. (SA) Pty Ltd.*, 290 F. Supp. 3d 923, 930 (N.D. Cal. 2007) ("The Court may take judicial notice of court filings."). And, regardless of content, "'matters of public

record'" are judicially noticeable. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-689 (9th Cir. 2001). Here, all of the Exhibits are court filings from the United States Bankruptcy Court for the District of Delaware, in proceedings that directly relate to the subject matter here, including the creation of the Plaintiff Trust, the Trust's purported authority to take assignment of the claims at issue in this litigation, and the questions of law that give rise to removal jurisdiction. Indeed, bankruptcy records are exactly the type of "public record[s]" that courts take judicial notice of as a matter of course.[1]

**Second**, Plaintiffs cannot reasonably dispute the facts of these proceedings, as they rely on those facts themselves. *See, e.g.*, Ex. A (relied on and referenced in Plaintiff's Notice of Motion and Motion to Remand (the "Motion") at 3:19-25 and the First Amended Complaint ("FAC") at 1 n.1; ¶ 13 & n.6); Ex. B (relied on and referenced in Mot. at 3:20-21 and FAC at 1, n.1; ¶¶ 13); Ex. C (relied on and referenced in Mot. at 5:9-13 and FAC ¶¶ 18 & n.8, 20, 33, 81 & n.25, 92 & n.27-28, 118, 119 & n.31); Ex. G (relied on and referenced in Mot. at 3:19-20); Ex. J (relied on and referenced in Mot. at 4:15-21); *see also* Mot. at 3:22-23 (citing ECF 579-1 of the Bankruptcy Action); 4:12-13 (citing Bankr. ECF 629); 4:22-24 (citing Bankr. ECF 1070), n.5 (citing Bankr. ECF 10 and 12), n.6 (citing Bankr. ECF 605); 4:24-5:1 (citing Bankr. ECF 1076). Indeed, Plaintiffs claim that Exhibits A and B are the very source that gives them authority to bring the claims alleged. *See* FAC ¶ 13. Thus, the Exhibits are not "subject to reasonable dispute" and the Court should take notice of them.

For the foregoing reasons, Lockton respectfully requests that the Court grant its motion for judicial notice and take judicial notice of Exhibits A through K.

---

[1] *See, e.g.*, *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 857 n.1 (9th Cir. 2008) ("We take judicial notice of the bankruptcy court order, because it is a matter of public record."); *Biggs v. Terhune*, 334 F.3d 910, 915 n.3 (9th Cir. 2003) ("Materials from a proceeding in another tribunal are appropriate for judicial notice."); *In re Tuma*, 916 F.2d 488, 491 (9th Cir. 1990) ("We may take judicial notice of bankruptcy records in the underlying proceeding[.]"); *Rosal v. First Fed. Bank of Cal.*, 671 F. Supp. 2d 1111, 1121 (N.D. Cal. 2009) ("As to the bankruptcy filings, the court takes judicial notice of this information . . . [because] it is appropriate to take judicial notice of court filings and other matters of public record."); *In re: San Jose Airport Hotel, LLC*, 2016 WL 3357175 at *4 n.1 (N.D. Cal. June 17, 2016) ("[T]ranscripts of hearings before the bankruptcy court" were "'not subject to resonable dispute[.]"); *see also* 11 U.S.C. § 107(a) ("[A] paper filed in a case under [the Bankruptcy Code] and the dockets of a bankruptcy court are public records.").

DATED:  March 3, 2023                    Respectfully submitted,

                                          By   /s/ Terry L. Wit
                                              Terry L. Wit

                                          *Attorneys for Lockton Insurance Company LLC and Lockton Companies LLC – Pacific Series*