# EXHIBIT H

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CRED INC., *et al.*, | ) | Case No. 20-12836 (JTD) |
| | ) | |
| Debtors.[1] | ) | **Re: Docket No. 296** |
| | ) | |

## DECLARATION OF GRANT LYON IN SUPPORT OF DEBTORS' OBJECTION TO MOTION OF JAMES ALEXANDER TO DISMISS THE CRED CAPITAL, INC. CASE

I, Grant Lyon, declare and state under penalty of perjury as follows:

1.      I submit this declaration (the "Declaration") in support of the *Debtors' Objection to Motion of James Alexander to Dismiss the Cred Capital, Inc. Case* [Docket No. 296] (the "Objection").[2]

2.      I am the co-founder of Arete Capital Partners, LLC, and have over 30 years' experience in the financial restructuring world.  I have sat on over 25 boards of directors of companies as an independent director and have served many times as a Chapter 11 trustee or state court receiver.  I was duly appointed as the Debtors' independent director or manager (as the case may be) and as the chair and sole member of Debtor Cred Inc.'s board of directors on November 3, 2020.  In that capacity, I effectively had a veto right over all matters requiring board approval.   In early December 2020, I became the Debtors' sole director or manager (as the case may be).  I am over the age of 18 and am authorized to make this declaration (the "Declaration") on behalf of the Debtors.

---

[1]     The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Cred Inc. (8268), Cred (US) LLC (5799), Cred Capital, Inc. (4064), Cred Merchant Solutions LLC (3150), Cred (Puerto Rico) LLC (3566).  The Debtors' mailing address is 3 East Third Avenue, San Mateo, California 94401.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Objection.

3.      I am familiar with the matters set forth herein and, if called as a witness, I could and would testify as follows.

4.      Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, information supplied to me by the Debtors and the Debtors' professionals or learned from my review of other documents.

5.      Dan Schatt, Joseph Podulka, and I were Cred Capital's duly appointed board of directors on November 7, 2020, in accordance with Cred Capital's bylaws and charter on file with the Delaware Secretary of State.  Further, Dan Schatt and I were Cred's duly appointed board of directors on November 7, 2020.  Cred is the sole shareholder of Cred Capital.

6.      Mr. Schatt, Mr. Podulka, and I had the power to authorize Cred Capital's voluntary chapter 11 petition in our capacities as directors of Cred Capital.  Since early December 2020, I have served as the sole director of Cred Capital, as well as the other Debtor entities.  I authorized the filing of Cred Capital's voluntary chapter 11 petition on November 7, 2020, because, in my business judgment, it was insolvent, and doing so was in the best interest of the estate and its creditors.  Additionally, it was my business judgment that Cred Capital was an inextricable part of the larger Cred corporate enterprise, which itself was also insolvent, not least of which because the creditors of Cred may also those of Cred Capital.

7.      In my capacity as the independent director of Cred and Cred Capital and independent manager of Cred (US), LLC, I authorized the filing of an adversary proceeding against James Alexander to recover the 225 bitcoin he misappropriated from the Debtors and the $250,000 and 5,200,000 of LBA tokens under two employee loan agreements that matured upon Alexander's termination from the Debtors.

8.     In the two-and-a-half months that have passed since the filing of Cred Capital's voluntary chapter 11 petitions, my opinions regarding Cred Capital's insolvency and the necessity of treating the Debtors as a single corporate unit have grown stronger.  In my business judgment, not only is Cred Capital insolvent, it is inextricable from the rest of the Cred debtors. To that end, the Debtors have proposed a plan of liquidation that consolidates all of the Debtors for distribution purposes.

9.     In the event Cred Capital's bankruptcy case is dismissed, the Debtors' creditors will be harmed.  Mr. Alexander has indicated that he has no intention to keep Cred Capital in bankruptcy, even though it is plainly insolvent. This poses a real risk to Cred Capital's creditors, who may also be creditors of Cred. Further, given the intertwined nature of Cred and Cred Capital, removal of Cred Capital from bankruptcy will create great uncertainty and confusion, jeopardizing an orderly restructuring. Additionally, dismissal would also harm the estate given the numerous claims the other debtors would have against Cred Capital arising from the numerous transactions between the entities.

10.     Moreover, Cred Capital's principal asset of value to its creditors is its claims against Alexander asserted in the turnover action. Were Cred Capital's bankruptcy dismissed, I think it unreasonable to expect that Alexander would use his power as sole director to pursue claims against himself for the funds he improperly took from Cred Capital; denying an important source of recovery for Cred Capital's creditors.

11.    This would be to the detriment of all Debtors' creditors because any recovery on those claims would be shared by all of the Debtors' creditors.[3]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: January 28, 2020

/s/ Grant Lyon
Grant Lyon

---

[3]    The Debtors' plan proposes consolidate of all Debtors for distribution purposes.  Additionally, while the Debtors do not believe there are any creditors at Cred Capital as it was non-operational, to the extent there are, such claims would likely be based on the Debtors commingling of customer funds in Cred Capital's accounts and would be identical to the claims against other Debtors.   Further, if there were no creditors, Cred would receive any recoveries on Cred Capital for distribution to its creditors because it owns all of the equity of Cred Capital.