**GLUCK DANIEL ATKINSON LLP**
Craig C. Daniel (State Bar No. 212588)
201 Mission Street, Suite 1330
San Francisco, CA 94104
Telephone: (415) 510-2509
Email: litigation@gluckdaniel.com

**REID COLLINS & TSAI LLP**
Angela J. Somers (admitted *pro hac vice*)
Jeffrey E. Gross (admitted *pro hac vice*)
Minyao Wang (admitted *pro hac vice*)
420 Lexington Avenue, Suite 2731
New York, NY 10170
Telephone: (212) 344-5200
Facsimile: (212) 344-5299
Email: asomers@reidcollins.com
       jgross@reidcollins.com
       mwang@reidcollins.com

*Special Counsel for Plaintiffs Cedric de Lisser, Christopher Moser, and Michael Michelin, in their capacity as the Trustees of the Cred Liquidation Trust*

**QUINN EMANUEL URQUHART SULLIVAN LLP**
Michael B. Carlinsky (admitted *pro hac vice*)
michaelcarlinsky@quinnemanuel.com
Renita N. Sharma (admitted *pro hac vice*)
renitasharma@quinnemanuel.com
51 Madison Ave., 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Terry L. Wit (SBN 233473)
terrywit@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Eric D. Winston (SBN 202407)
ericwinston@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Defendants Lockton Companies LLC and Lockton Companies LLC – Pacific Series*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CEDRIC DE LISSER, CHRISTOPHER MOSER, and MICHAEL MICHELIN, in their capacity as the Trustees of the Cred Liquidation Trust, <br><br> Plaintiffs, <br><br> v. <br><br> LOCKTON COMPANIES LLC, d/b/a LOCKTON INSURANCE BROKERS LLC, a Missouri limited liability company; LOCKTON COMPANIES, LLC- PACIFIC SERIES, d/b/a LOCKTON INSURANCE BROKERS LLC, a Missouri limited liability company; and DOES 1-10, inclusive. <br><br> Defendants. | Case No. 3:23-cv-00243-AMO <br><br> **[Removal from Superior Court of California, County of San Francisco, Case No. CGC-22603638]** <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> **State Action Filed: December 22, 2022** |

The above-captioned Plaintiffs, trustees ("**Trustees**" or "**Plaintiffs**") of the Cred Liquidation Trust ("**Trust**"), and above-captioned Defendants (collectively, "**Lockton**" or "**Defendants**"), jointly submit this Initial Case Management Statement.

**1. Jurisdiction and Service:**

**A. Trustees' Position.** Defendants removed this case alleging "related to" bankruptcy jurisdiction pursuant to 28 U.S.C. § 1334(b).  The Trustees filed a Motion to Remand on February 18, 2023. There is no basis for federal subject matter jurisdiction over these state law claims. The Bankruptcy Court, assessing the assignment of creditor claims (such as the Trust Assignors), agreed. That Court found "Lockton's suggestion in its notice of removal that the trust's right to bring suit raises questions of federal bankruptcy law or requires a construction of the confirmed plan is incorrect."  The Trust Assignors' claims are also direct claims, not derivatives ones.  All elements of the claims are specific to the Trust Assignors: their individual receipt of misrepresentations, extent of reliance, date of investment, amount of damages, among other things.  A close nexus cannot arise from Lockton combing through the Bankruptcy Court docket and claiming any tangential connections to this case constitutes grounds for jurisdiction. Venue should be determined after a decision on remand. All parties have been properly named, and Lockton does not dispute personal jurisdiction. There are no current parties left to be served.

**B. Lockton's Position.** This Court has jurisdiction pursuant 28 U.S.C. §§ 1334(b), 1446, 1452(a) and 1453, and Rule 9027 of the Federal Rules of Bankruptcy Procedure, as this Action is "related to" the bankruptcy proceeding *In re Cred Inc., et al.*, Case No. 20-bk-12836 ("**Cred Bankruptcy**") pending in the Bankruptcy Court for the District of Delaware ("**Bankruptcy Court**"). *See Celotex Corp. v. Edwards*, 514 U.S. 300, 307-308 (1995); *In re Wilshire Courtyard*, 729 F.3d 1279, 1287 (9th Cir. 2013). The Action is "related to" the Cred Bankruptcy because the Trust was created by a chapter 11 bankruptcy plan of reorganization and: (i) there was a dispute at the time of removal as to whether the Trust had the authority to acquire the third-party claims alleged in this Action; (ii) the claims asserted by the Trust belong to, and were preserved by the plan of reorganization as belonging to, the bankruptcy estate; and (iii) adjudication of this Action will require interpretation of the Bankruptcy Court's orders, including, but not limited to, its order that Lockton's services were in the best interests of the bankruptcy estate. The parties do not dispute that this Court has personal jurisdiction over the parties and that this Court is

a proper venue for this Action. There are no outstanding parties left to be served.

**2. Fact Positions:**

**A. Trustee's Position.**

<u>Overview</u>: The Trust is pursuing claims assigned to it by Trust Assignors, who are customers of Cred Inc. ("**Cred**"), a cryptocurrency company. From late June 2019 to October of 2020, under the CredEarn program, the Trust Assignors lent crypto to Cred for a fixed period in return for interest payments. CredEarn customers relied on misrepresentations, authored by Lockton and bearing its logo, that stated that CredEarn customers were protected against losses on their unsecured crypto loans because Cred was insured for those losses. Specifically, the misrepresentations said that CredEarn customers were fully insured for a Cred service that "did not have the promised results," including "the borrowing of crypto from a client related to the terms and conditions of a Cred Agreement." The CredEarn customers were purportedly protected by this "comprehensive" insurance coverage that would make them "whole." The representations about Cred's insurance coverage were blatantly false. These misrepresentations induced the Trust Assignors to participate in the CredEarn program.

Lockton and Cred knew the representations were false. Daniel Schatt, a founder, director, and CEO of Cred designed the CredEarn program and set out to manufacture false assurances that would lure customers into the program. Lockton brokered Cred's insurance policies and knew the terms were not consistent with the misrepresentations. In March through May of 2019, Lockton eagerly helped Cred promote the CredEarn program by actively drafting the misrepresentations.

Cred lost the money raised from Trust Assignors' crypto in a variety of reckless and/or fraudulent investments. The Trust Assignors were never repaid their crypto or interest owed because the promised insurance did not in fact exist. The Trust Assignors reasonably relied on Cred's false representations that it had adequate insurance to protect them against losses, and suffered damage caused by the acts of Lockton. After Cred could not return the Trust Assignors' crypto, Lockton knew it was in trouble and told Cred to take down its misrepresentations.

<u>Specific Facts of Case</u>:  On March 29, 2019, Lockton began working with Dan Schatt at Cred to "craft a public-facing 1-3 paragraphs on [Cred's] website" about its insurance coverage. Emails show Jeff Koo ("**Koo**"), a Senior Lockton Officer, cut off those below him in rank and said he and his team would

take over and draft the statements for Cred's website. Koo explicitly agreed to ensure the accuracy of statements about the insurance coverage and the terms of the policies disclosed to the public.

From April to the end of May 2019, Jeff Koo, drafted a disclosure for Cred with Schatt which was intended to be viewed on Cred's website. He said: "I want to help you draft what you want to put on your website" and "get this written down on our end." He stressed that he would "be reaching out direct to have this drafted with you." Koo suggested language and checked in with Scatt. On May 13, 2019, Schatt sent Koo a "stab at the language for the [w]ebsite" that adopted Koo's suggestions. The draft statements were headlined "Going Above and Beyond." Koo responded to the draft statement praising it as a "[v]ery nice piece of work." Koo said to Schatt: "I am working with my team this week to ensure that the *coverage stated is within the terms and conditions*. On May 27, 2019, Koo limited changes of the Draft Going Above and Beyond statements, which related to Cyber and Regulatory Insurance. But none of those changes altered the important misleading claims in the draft statements. Koo then gave Cred the green light for Cred to post and otherwise use the disclosure.

The public-facing statements coauthored by Koo were posted on the Cred website, accessible through the website at Medium.com and appeared elsewhere. The statements on the website prominently displayed Lockton's logo at the top, but no logo of Cred, and with no other author. The Lockton/Cred Statement had many false claims including, among others: **(1)** Cred had one of the most comprehensive insurance policies available to a crypto company. (But Lockton knew that Cred's policies were minimal measured against size of its potential business and the scope of the exclusion clauses). **(2)** Cred was selected by underwriters for insurance coverage because of its highly reputable strategic partners, its best practices with its partners, its executive team, and its ability to demonstrate sound policies and procedures and adequate supervision. (But Lockton knew that Cred had been turned down for coverage by certain insurers due to its poor business practices). **(3)** Cred's E&O Insurance covered "the inability of customers to access or otherwise utilize Cred's intended service" and it "holds Cred responsible for a service that it failed to provide or did not have the promised results. Services, included the borrowing of crypto from a client related to the terms and conditions of a Cred Agreement." (But Lockton knew that the E&O insurance endorsements gutted all coverage of this type, and Cred had no other insurance to cover this loss); and (4) Cred's insurance would make customers

whole in the event of a loss. (But Lockton knew Cred's insurance could leave customer with huge losses which it did).

From the end of May 2019 to October 2020, the Trust Assignor customers read the statements on Cred website and received various emails or participated in telephone calls or meetings with Cred in which the Lockton misrepresentations were repeated. The Trust Assignors made decisions to lend their crypto based on these false representations. Facts about each Trust Assignors' specific and reasonable reliance on the statements are set forth in the FAC (and proposed SAC). The Trust Assignors were never paid back their crypto and interest. The Trust Assignors suffered damage set forth below. This is the sole case the Trust is pursuing for damage to the Trust Assignors.

Because the representations were clearly false, the primary factual dispute is whether Lockton's authorship and involvement in the misrepresentation are sufficient to prove the Trust's claims that Lockton made the false representations or aided and abetted Cred in making the misrepresentation.

B. **Lockton's Position.**

**Cred Inc.'s Business**. Cred, Inc. ("**Cred**") was founded in 2018 to provide lending and borrowing services that enabled its clients "to leverage value from their digital assets." Decl. of Drew McManigle in Support of First Day Motion, Cred Bankr. ECF 16 at ¶ 15 (Nov. 9, 2020). Cred "offer[ed] technology solutions for crypto assets, partnering with the leading wallet and exchange providers to enable liquidity in the form of borrowing or lending" and in particular, a "solution" called "CredEarn", which allowed "owners of crypto assets to earn interest on their crypto holdings." *Id.*

Specifically, Cred's business involved the transfer by customers of cryptocurrency to the Debtors, usually pursuant to a loan or financing agreement. Amended Chapter 11 Combined Plan & Disclosure Statement of Cred Inc. and Its Subsidiaries, Cred Bankr. ECF 380 at 14 (Jan. 21, 2021). Cred would then use the cryptocurrencies "in a variety of investment strategies involving third-party asset managers" to earn revenue by generating returns. *Id.* at 15. However, because Cred's "business model was premised on . . . investing . . . with asset managers, [Cred] generally did not [] hold significant amounts of [c]ryptocurrency." *Id.* at 14-15. When customers terminated their accounts with Cred, Cred "generally had to withdraw [c]ryptocurrency from asset managers to purchase new [c]ryptocurrency in the open market at then-prevailing prices in order to repay [c]ustomers[.]" *Id.*

**Lockton's Business**. Lockton is an insurance broker that acts as an intermediary between the insurer and the insured. Prior to its bankruptcy, Cred maintained several insurance policies that were brokered by Lockton Companies, LLC – Pacific Series d/b/a Lockton Insurance Brokers, LLC. Examiner's Report of Robert J. Stark, Cred Bankr. ECF 605 at 39-40 (Mar. 8, 2021). Those policies included, among other policies, a commercial package policy, a cyber liability policy, an errors and omissions policy, a directors and officers policy, excess directors and officers insurance, and coverage for certain of Cred's lawyers (collectively, "**Insurance Policies**"). *Id.*

**The Principal Factual Issues in Dispute.** On March 29, 2019, before the Insurance Policies were bound, Cred's CEO Daniel Schatt e-mailed Lockton that Cred management was "looking for how [they] [could] craft" language about the insurance policies for Cred's website. Lockton Associate Nyreese Arzu referred Schatt to the website of another cryptocurrency company to use as a model for his draft. After further correspondence and at Schatt's request, Lockton Producer Member Jeffrey Koo then offered to "have a conversation over the phone" so that Schatt could "get this written down on [Schatt's] end." On April 3, 2019, Koo sent Schatt "the common definition of a Directors and Officers liability" policy and told Schatt they could discuss "once [Schatt] had a first draft."

Several weeks later, on May 13, 2019, Schatt sent Koo proposed "language for the [Cred] Website." The language was an article titled "Going Above and Beyond," which included discussion of Cred's business practices, its efforts to obtain insurance, and certain types of insurance coverage that Cred had obtained. After discussing the language with other Lockton Associates, Koo sent Schatt suggested revisions, deleting certain language from Schatt's draft. At some point thereafter, after making further material changes (and without soliciting further review by Lockton), Cred posted Schatt's article on its website and on Medium.com, listing "Daniel Schatt, Co-Founder and President of Cred" as author.

According to the Complaint, the Trust Assignors read the statements on Cred's website and in the Medium article, and received similar information in statements purportedly made by Cred employees, and formed the incorrect belief that insurance would cover the value of their crypto assets under any and all circumstances. *See* Complaint at ¶¶ 91-106. Further, according to the Complaint, the Trust Assignors engaged in business with Cred in reliance upon those statements. *Id.* The Complaint does not allege that any Trust Assignor spoke to Lockton prior to utilizing Cred's services.

At the end of 2020, the trading value of cryptocurrency fell significantly, and Cred's business model left it overexposed. Among Cred's extensive failures were "un-systematic, chaotic, and, in some instances, non-existent diligence, accounting, and compliance functions" as well as lending to entities "without legal or practical capacity to repatriate capital as and when requested/needed by Cred[.]" Examiner's Report at 4. On November 7, 2020, Cred filed for bankruptcy, still indebted to several customers. Certain of those customers purportedly assigned their rights to the Trust, and the Trust now purports to assert claims against Lockton on their behalf. The Trust has done the same to other third-parties, including Uphold HQ, Inc. ("**Uphold**") on July 22, 2022, asserting claims for disseminating false marketing materials and misappropriating the cryptocurrency that is the subject of this Action. On April 13, 2023, the United States Bankruptcy Court for the District of Delaware found that the Trust's complaint was "obscur[e] and incomprehensib[le]" and dismissed the Uphold action because the "claims alleged [were] at best only possible, not plausible[.]" *See* Mem. Op., ECF 26, No. 22-ap-50398 at 3-4.

The primary factual issues in dispute will be the falsity of any representations made by Cred to its customers; Lockton's involvement in or understanding of any representations made by Cred to its customers; the Trust Assignors' reliance on any representations made by Cred to its customers; and any damages, including the quantum, allegedly suffered by the Trust Assignors.

**3. Legal Issues:** The Parties have not yet commenced discovery. Therefore, a complete and accurate list of legal disputes cannot be provided at this time.

**A. Lockton's Position.**

Defendants currently believe that this case will involve at least the following legal disputes.

(1) Whether the Trust's claims are subject to the jurisdiction of this Court via "related to" jurisdiction?

(2) Whether the Trust's claims are barred by the statute of limitations?

(3) Whether the Trust's claims are pled with sufficient particularity?

(4) Whether the Trust's claims are valid, enforceable and "allowed" under the Bankruptcy Code?

(5) Whether third-parties and/or the Trust itself is or are to blame for any harms allegedly suffered?

(6) Whether the Trust states a claim upon which relief can be granted?

(7) Whether the Trust's claim under Cal. Bus. and Professional Code § 17200, et seq. seeks an appropriate form of relief?

B. **Trustees' Position**.

The Trust does not believe Defendants' issues pose any barrier to their claims because (1) The Parties' positions on jurisdiction are set forth in their respective briefing in the pending Motion to Remand, (2) The Trustees' position is that their claims are timely, including by application of the discovery rule, *s*ee  SAC, ¶¶ 33-34; Cal. Civ. Proc. Code § 338(d) ("The cause of action in that case is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake."), (3) The Parties will brief any legal issue about the sufficiency of the claims in connection with the motion to dismiss, (4) The Trustees' position is that, though the customer claims are limited in bankruptcy to their allowed claims, the Trust is not limited to damages that are otherwise capped by the provisions of the Bankruptcy Code, (5) The Trustees' position is that this is not a legal issue given the factual disputes; proximate cause is a fact issue for the jury. *Lawson v. Safeway Inc.*, 191 Cal. App. 4th 400, 416, 119 Cal. Rptr. 3d 366, 378 (2010), (6) This legal issue is duplicative of the Parties' assertions about the sufficiency of the claims, (8) The Trustees' position is that it requests relief permitted under California's Unfair Competition Law. Cal. Bus. and Professional Code § 17203 (permitting restitution).

4. **Motions:**

**Pending Motions.** Lockton removed this Action to this Court from the Superior Court of California, County of San Francisco, on January 18, 2023. ECF 1. The Trust filed a motion to remand or, in the alternative, for equitable remand on February 17, 2023. ECF 29. On March 3, 2023, Lockton filed its opposition to the motion (ECF 31) and a request for judicial notice (ECF 32). The Trust filed its reply in support of its motion on March 10, 2023. ECF 33. The motion is fully submitted. On March 27, 2023, this Court determined that the motion was suitable for decision without oral argument and vacated the scheduled oral argument. ECF 37.

**Anticipated Motions.** Lockton expects to file a motion to dismiss this Action at such time after this Court has issued a decision on the motion to remand. The parties have agreed, and this Court ordered, a briefing schedule for that motion to dismiss. ECF 18. At this time, the parties agree that it is premature to determine what other motions, if any, may be filed.

5. **Amendment of Pleadings:** The Trustees filed an original complaint in California State Court based on state law claims. The original complaint was amended by the First Amended Complaint ("**FAC**"). Reserving all Parties' rights (to remand or admission of facts), a Stipulation with Defendants permitting Plaintiffs to file the Second Amended Complaint ("**SAC**") was approved by this Court on May 25, 2023. The Parties are awaiting a remand decision.

6. **Evidence Preservation:**  The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information. The Trust and Lockton have taken steps to comply with their respective preservation obligations. The Trust has informed the Trust Assignors of their duty to preserve discoverable information. Counsel for Trustees and Lockton have reviewed this Court's *Guidelines Relating to the Discovery of Electronically Stored Information*.

7. **Disclosures:** The Parties intend to exchange initial disclosures on the earlier of (i) 10 days after the Court issues a decision on the Motion to Remand or (ii) 10 days before any case management conference. If neither event occurs by July 14, 2023, then initial disclosures will be due August 1, 2023.

8. **Discovery:**

**A. Trustees' Position**. No discovery has been taken to date. The Trust is prepared to discuss with Lockton stipulations regarding the confidentiality of discovery information and the discovery of ESI. Lockton has sought one-sided and wide-ranging discovery outside of the discovery schedule, and without permission of this Court. In Bankruptcy Court, Lockton said: "there are a number of questions that Lockton has about the assignments themselves about which we've sought discovery here and been denied, that we may not get in California."  The Trust has not responded to these improper and premature requests. The Trust Assignors have been asked to preserve all documents and information as has been the Trust. Discovery shall address Lockton's obvious involvement in the insurance misrepresentations, its knowledge of them, and efforts to cover-up its misdeeds.

**B. Lockton's Position**. No discovery has been taken to date. The claims the Trust have asserted purportedly belong to customers who have assigned their claims to the Trust. As such, Lockton requested that the Trust provide evidence of the assignment or evidence that each assigning customer preserved documents. The Trust refused. Lockton is concerned that such refusal may stem from issues regarding document preservation. The parties have not yet identified any additional discovery disputes.

Lockton is prepared to discuss with the Trust stipulations regarding the confidentiality of discovery information and the discovery of ESI. Lockton expects to seek discovery from the Trust and Trust Assignors regarding Cred's representations regarding its products and its insurance, including Cred's drafting and authorship of such representations; the Trust Assignors' understanding of Cred's products, including their risks; the Trust Assignors' reliance on any purported statements regarding insurance; the Trust Assignors' assignments of claims, including all communications regarding the same; the Trust Assignors' recoveries in the Cred Bankruptcy; the Trust's management of the Cred Bankruptcy estate; and all other allegations made by the Trust.

**9. Class Actions:** This case is not a class action.

**10. Related Cases:**

**A. Trustees' Position**. There are no "related" cases. This case is being pursued post-confirmation by a Trust created from a chapter 11 plan in the District of Delaware (case no. 20-12839) confirmed over 2 years ago. The Bankruptcy Court found in connection with an assignment decision that the Trust can go about its business without approval or involvement of the Bankruptcy Court. Lockton's pending appeal of the Bankruptcy Court Decision mentioned below should not impact this litigation.

**B. Lockton's Position**. There are two pending cases that are related to this Action: (1) The Cred Bankruptcy (*In re Cred Inc.*, Case No. 1:20-bk-12836 (Bankr. Del.)); and (2) An appeal from Judge Dorsey's February 10, 2023 Order Granting the Motion of the Trustees of Cred Inc. Liquidation Trust to Clarify the Trust's Authority to Acquire Certain Third-Party Claims (*Lockton Companies, LLC, et al. v. Cred Inc. Liquidation Trust*, Case No. 1:23-cv-210 (D. Del.).

**11.     Relief Requested:** The Trustees allege damages to be the crypto never repaid and interest. The damages may depend on crypto prices and the date of a judgment but are currently over $113 million of crypto value plus interest of over $9 million.

**12. Settlement and ADR:**  The Parties met and conferred regarding ADR and settlement opportunities on March 22, 2023.

**A. Trustees' Position**.  The Trust has expressed an interest in mediating the case with a private mediator, when Lockton is prepared to offer value for the Trust's claims.

**B. Lockton's Position.**  Lockton does not believe that ADR is appropriate at this time. To the extent

not mooted by any Court Order, Lockton agrees to meet and confer regarding an ADR plan for the case within 21 days of this Court's Order on Lockton's anticipated motion to dismiss.

**13. Other References:** Both Parties agree that the case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14. Narrowing of Issues:** There are no issues capable of being narrowed at this time.

**15. Expedited Trial Procedure:** Both Parties agree that this case should not be expedited.

**16. Scheduling:**

| Event | Plaintiff's Position | Defendants' Position |
|---|---|---|
| First Document Requests | 8/14/2023 | 8/14/2023 |
| Document Production Complete | 11/1/2023 | 2/26/2024 |
| Fact Depositions | Begin: 12/1/2023 End 2/29/2023 | Begin: 3/25/2024 End: 9/23/2024 |
| Designate Plaintiffs' Experts | 4/18/2024 | 10/21/2024 |
| Designate Defendants' Experts | 5/20/2024 | 11/18/2024 |
| Rebuttal Reports | 6/4/2024 | 12/16/2024 |
| Expert Depositions | 6/28/2024 | 1/13/2025 |
| Motion For Summary Judgment | 7/31/2024 | 2/13/2025 |
| Opposition MSJ | 8/30/2024 | 3/13/2025 |
| Replies to MSJ | 9/13/2024 | 4/3/2025 |
| Hearing on Dispositive Motions | 10/3/2024 | 4/24/2025 |
| Pre-Trial Conference | 11/7/2024 | 7/27/2025 |
| Trial | 12/9/2024 | 8/25/2025 |

**17. Trial:** The Trust has requested a jury trial as to all claims so triable. SAC at ¶ 222. The expected length is one week. Lockton believes that it is premature to discuss the expected length of trial, including because no discovery has yet taken place.

**18. Disclosure of Non-party Interested Entities or Persons:**

The Trustees filed their certification on March 1, 2023. No party, other than Trust beneficiaries (former creditors of Cred) has an interest that could be substantially affected by the outcome of the proceeding. Lockton filed its Certification and Interested Entities or Persons on January 18, 2023 (ECF 2). Lockton certifies that Lockton Insurance Agency, LLC (Corporate Member) has a financial interest in the subject matter or in controversy or in a party to the proceeding.

**19. Professional Conduct:** All attorneys have read the *Guidelines for Professional Conduct for the Northern District of California*.

Respectfully submitted,

DATED: May 31, 2023

**REID COLLINS & TSAI LLP**

By: /s/ *Angela J. Somers*
    Angela J. Somers (*admitted pro hac vice*)
    asomer@reidcollins.com
    Jeffrey E. Gross (*admitted pro hac vice*)
    jgross@reidcollins.com
    Minyao Wang (*admitted pro hac vice*)
    mwang@reidcollins.com
    420 Lexington Avenue, Suite 2731
    New York, NY 10170
    Telephone: (212) 344-5200
    Facsimile: (212) 344-5299

    Craig C. Daniel (SBN 212588)
    litigation@gluckdaniel.com
    **GLUCK DANIEL ATKINSON LLP**
    201 Mission Street, Suite 1330
    San Francisco, CA 94105
    Telephone: (415) 510-2509

    *Special Counsel to Trustees of the Cred Inc. Liquidation Trust*

DATED: May 31, 2023

**QUINN, EMANUEL, URQUHART & SULLIVAN LLP**

By: /s/ *Terry L. Wit*
    Terry L. Wit (SBN 233473)
    terrywit@quinnemanuel.com
    50 California Street, 22nd Floor
    San Francisco, CA 94111
    Telephone: (415) 875-6600
    Facsimile: (415) 875-6700

    Michael B. Carlinsky (*admitted pro hac vice*)
    michaelcarlinsky@quinnemanuel.com
    Renita N. Sharma (*admitted pro hac vice*)
    renitasharma@quinnemanuel.com
    51 Madison Ave., 22nd Floor

New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Eric D. Winston (SBN 202407)
ericwinston@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Defendants Lockton Companies LLC and Lockton Companies LLC – Pacific Series, LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Civil L.R. 5-1 and will be served upon all counsel of record for the parties who have consented to electronic service in accordance with Civil L.R. 5-1 via the Court's ECF System.

Dated: May 31, 2023                    By:     */s/ Angela J. Somers*
                                                Angela J. Somers