UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC DE LISSER, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>LOCKTON COMPANIES, LLC - PACIFIC SERIES, et al.,<br><br>        Defendants. | Case No. 23-cv-00243-AMO<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: ECF. No. 29 |

Before the Court is Plaintiffs' motion to remand. The matter is fully briefed and suitable for decision without oral argument. *See* Civil L.R. 7-6. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby **GRANTS** the motion, for the following reasons.

## FACTUAL BACKGROUND

Cred, Inc. offered a program, CredEarn, through which individuals ("investors") lent cryptocurrency to Cred for a fixed time period in exchange for a return on that loan. ECF No. 45, Second Amended Complaint ("SAC") ¶ 3. Cred sold the borrowed cryptocurrency for cash and invested the proceeds for the term of the loan. *Id.* Cred then repurchased the cryptocurrency at the end of the loan period and returned it, plus interest at a predetermined rate, to the investor. *Id.* In collaboration with its insurer, Lockton, Cred made allegedly fraudulent representations to its investors that the loans were "comprehensively insured for Cred's and its [investors'] losses," and that they "would be 'made whole' in the event of a loss." *Id.* ¶¶ 4-5. Insurance coverage was inadequate to cover investor losses, and Cred filed for Chapter 11 bankruptcy in November 2020,

after having borrowed $280 million in cryptocurrency from its investors. *Id.* ¶ 9.

## PROCEDURAL BACKGROUND

The Cred bankruptcy ended with a reorganization plan that took effect on April 19, 2021, and transferred all of Cred's assets into a Trust. ECF No. 33-3, Bankruptcy Court Opinion (Feb. 27, 2023) at 2. On June 23, 2022, the trustees filed a motion that sought approval of "third party claim assignment procedures." *Id.* This motion was premised on an understanding that the investors had direct claims against third parties, and that the investors, not the Trust, had standing to assert those claims. *Id.* at 3. The Bankruptcy Court agreed with that premise in a July 19, 2022 bench ruling, but denied the motion on the basis of the Trust's request for a ten-percent bump up on its claims. *Id.* Consequently, the Trust acquired many of the original investors' claims through individual negotiations with those investors rather than through the claim assignment procedures, which would have involved notice and opt-out. *Id.* at 6.

On December 22, 2022, the Trustees filed the instant case in San Francisco state court on behalf of "CredEarn [investors]who have assigned their customer claims to the Trust." *Id.* Lockton removed the action to this Court on January 23, 2023. On February 23, 2023, the Trustees filed the instant motion to remand. While this motion was pending, the Trustees filed a motion with the Bankruptcy Court seeking clarification of the Bankruptcy Court's July 2022 bench ruling.[1] The Bankruptcy Court heard the motion on February 9, 2023, and issued a memorandum opinion on February 27, 2023, confirming that the Trust properly acquired the third-party claims, and that those claims were direct and not derivative. *Id.* at 3.

## LEGAL STANDARD

The party seeking removal bears the burden of establishing federal jurisdiction. *Provincial*

---

[1] The Delaware Bankruptcy Court had jurisdiction over that motion because "bankruptcy courts always have jurisdiction to interpret and enforce their prior orders." *Id.* at 5 (citing *In re Essar Steel Minnesota, LLC*, 47 F.4th 193, 200 (3d Cir. 2022).

*Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case. *See* 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). If it appears at any time before final judgment that the federal court lacks subject matter jurisdiction, the federal court must remand the action to state court. 28 U.S.C. § 1447(c).

For cases "arising in or related to" bankruptcy cases under title 11, § 1334(b) confers federal jurisdiction. 28 U.S.C. § 1334(b).

> (b) Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

*Id.* Under Ninth Circuit precedent, an action is "related to" a bankruptcy case if "the outcome of the proceeding could conceivably have any effect on the [bankruptcy] estate being administered in bankruptcy." *Dunmore v. U.S.*, 358 F.3d 1107, 1113 (9th Cir. 2004). Federal jurisdiction arising under Section 1334 is determined, like federal jurisdiction generally, based on the "facts at the time of removal." *California Pub. Employees' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86 (2d Cir. 2004).

## DISCUSSION

### I.  RELATED-TO JURISDICTION UNDER SECTION 1334

Lockton's notice of removal cites three bases for "related to" jurisdiction: (1) the claims asserted in the California action belonged to the bankruptcy estate; (2) the trust could not acquire the asserted claims under the plan and confirmation order; and (3) the California action involves the interpretation and enforcement of the bankruptcy court's orders. "Proceedings 'related to' a title 11 case include causes of action owned by the debtor that become property of the bankruptcy

estate under 11 U.S.C. § 541(a), as well as suits between third parties that conceivably may have an effect on the bankruptcy estate." *Bricklayers & Allied Craftworkers Loc. Union No. 3, AFL-CIO v. E & L Young Enterprises, Inc.*, No. C 11-05051 SI, 2012 WL 1565079, at *2 (N.D. Cal. May 2, 2012) (citing *In re Combustion Eng'g, Inc.,* 391 F.3d 190, 226 (3d Cir. 2004)).

### A. The asserted claims do not belong to the bankruptcy estate

Lockton contends that the asserted claims belong to the bankruptcy estate because the complaint seeks insurance damages, and only Cred was identified as an insured under the insurance policies. Therefore, Lockton argues, Cred's investors cannot claim to be directly injured by Cred's alleged lack of insurance coverage or underinsurance.

This argument is specious because it relies on the incorrect assumption that the asserted claims seek insurance coverage. Neither the original complaint nor the second amended complaint plead a cause of action that relies on the insurance code or Lockton's position as an insurer. *See* ECF 1-2 and 45. Instead, Trustees allege that Lockton is liable for fraud and misrepresentation and for aiding and abetting Cred's fraud and misrepresentation. These causes of action do not rely on the validity of the insurance contract between Cred and Lockton. Just the opposite, the allegations rely on both Cred and Lockton's misrepresentations about insurance coverage. The facts that precipitated the investors' alleged harm is not the lack of insurance coverage but the misrepresentations themselves.

When a third party has injured a creditor of a bankrupt corporation, the creditor, not the trustee in bankruptcy, has a direct claim against the third party. *See Smith v. Arthur Andersen LLP*, 421 F.3d 989, 1002–03 (9th Cir. 2005). Here, Cred's creditors - the investors - allegedly suffered harm caused by Lockton, which was not a party to the bankruptcy. Moreover, the Bankruptcy Court also found that the asserted claims are direct, not derivative. ECF No. 33-3 at 3.

### B. The Trust was permitted to acquire the asserted claims under the Plan

Lockton concedes that the Bankruptcy Court's February 27, 2023 order resolves this question in the Trust's favor. Therein, the Bankruptcy Court wrote that: "[t]he trust does not need this Court's approval to acquire claims against potential litigation targets. The trust is a post-confirmation entity, no different from a reorganized debtor in terms of its obligation to seek court

4

approval for its post-bankruptcy actions." *Id.* at 11.  Accordingly, Lockton's only remaining argument is that the mere fact that the trustees filed a clarification motion with the Bankruptcy Court is evidence that there was something worth clarifying at that time.  Lockton argues that because jurisdiction is determined at the time of removal, and the Bankruptcy Court's clarification came after the notice of removal, the substantive ruling is irrelevant.

This argument is unpersuasive because the Bankruptcy Court's order did not change the state of play as it existed when the notice of removal was filed.  Instead, the Bankruptcy Court simply clarified that state of play.  That the Trustees rushed to seek clarification rather than await this Court's ruling may be deemed by some an unwise litigation strategy, but it does not confer federal jurisdiction where it does not exist.  The Bankruptcy Court was clear that the Trust was permitted to acquire third-party claims from the time it was created, and that it is to be treated just as a reorganized debtor would be at the termination of bankruptcy proceedings.  That is, the Trust "no longer needs court approval unless it proposes to take some action that raises questions under either the Bankruptcy Code or the terms of the confirmed plan." *Id.* at 12.  The Bankruptcy Court found that acquiring these third-party claims did not raise such questions.  *Id.*

### C. This action does not involve the interpretation or enforcement of the Bankruptcy Court's orders

This Court looks to the Bankruptcy Court's determination as informative, but not controlling.  The Bankruptcy Court found that "Lockton's suggestion in its notice of removal that the trust's right to bring suit raises questions of federal bankruptcy law or requires a construction of the confirmed plan is incorrect."  ECF No. 33-3 at 8.  The instant case alleges fraud and misrepresentation causes of action against Lockton, which have been properly acquired from the individual investors.  There is no need to seek further clarification from the Bankruptcy Court in order to adjudicate that dispute.  Accordingly, the motion to remand is **GRANTED**.

## II. EQUITABLE REMAND

Because this Court has found that remand is appropriate because it lacks "related-to" jurisdiction, the question of equitable remand is moot.

## CONCLUSION

For the foregoing reasons, the Trust's motion is **GRANTED**. This order disposes of ECF No. 29. Because the Court lacks jurisdiction over this case, the Clerk is instructed to **REMAND** this matter to the Superior Court of California for the County of San Francisco.

**IT IS SO ORDERED.**

Dated: August 13, 2023

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**